BERZON, Circuit Judge,
concurring:
Federal Rule of Evidence 1008 states that in a jury trial, “the jury determines— in accordance with [Fed. R. Evid.] 104(b)—any issue about whether ... an asserted writing, recording or photograph ever existed.” In my view, Rule 1008’s requirement that “the jury determine[ ]” whether or not an asserted writing ever existed probably contemplates that in this context, the jury as a whole find the predicate facts by a preponderance of the evidence. If that is correct, then an instruction to that effect—and, in all likelihood, a special verdict form—would be needed.
A “jury determination” generally refers to facts found by the entire jury. See, e.g., Kansas v. Marsh, 548 U.S. 163, 165-66, 126 S.Ct. 2516, 165 L.Ed.2d 429 (2006) (examining whether state statute requiring imposition of the death penalty where “the ... jury determines that aggravating evidence and mitigating evidence are in equipoise” violated the Constitution); Apprendi v. New Jersey, 530 U.S. 466, 476-77, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (the Fourteenth Amendment entitles a state criminal defendant to “a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.”) (citing United States v. Gaudin, 515 U.S. 506, 510, 115 *675 S.Ct. 2310, 132 L.Ed.2d 444 (1995)); Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 342, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998) (right to a jury trial includes the “right to a jury determination of the amount of statutory damages.”).
But the defense has never argued, including in this court, that a determination by the jury as a whole was required. As a result, the parties have not briefed whether the Rule in fact contemplates a predicate determination by the jury as a body. If, as the defendant instead has asserted, it is each juror who was supposed to decide on the predicate fact (the existence of the email) before relying on its content, then there was no need for an instruction. Any juror would necessarily have to come to a conclusion about Tuol^s veracity before factoring the email into his or her premeditation conclusion. With those observations, I concur in the memorandum disposition in full.